**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000145
18-JUL-2012
02:27 PM**

NO. CAAP-12-0000145


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ASSOCIATION OF CONDOMINIUM HOMEOWNERS OF TROPICS AT
WAIKELE, by its Board of Directors, Plaintiff-
Appellee, v. PATSY NAOMI SAKUMA, Defendant-
Appellant, and FIRST HAWAIIAN BANK, a Hawaii
corporation; WAIKELE COMMUNITY ASSOCIATION, a
Hawaii nonprofit corporation, Defendants-
Appellees, and JOHN DOES 1-15; JANE DOES 1-5; DOE
PARTNERSHIPS 1-10; DOE ENTITIES 1-5; and DOE
GOVERNMENTAL UNITS 1-5, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1487)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginzoa, JJ.)

Upon review of the record, it appears that we do not
have jurisdiction over Defendant-Appellant Patsy Naomi Sakuma's
(Appellant Sakuma) appeal pursuant to her Notice of Appeal filed
on March 7, 2012 from Civil No. 07-1-1487, the Honorable Bert I.
Ayabe presiding, because the circuit court has not yet entered an
appealable post-judgment order that adjudicates Appellant
Sakuma's December 13, 2011 motion for relief pursuant to
Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP).

In the underlying foreclosure case, Hawaii Revised
Statutes (HRS) § 667-51(a)(1) (Supp. 2011) authorized a timely
appeal from the circuit court's June 10, 2008 judgment on the
decree of foreclosure (June 10, 2008 judgment), and HRS § 667-

51(a)(2) authorized a timely appeal from the circuit court's August 31, 2010 judgment on the order confirming the sale of the foreclosed property (August 31, 2010 judgment). Appellant Sakuma did <u>not</u> assert a timely appeal from either of these two judgments. Instead, Appellant Sakuma's March 7, 2012 notice of appeal asserts an appeal from the purported denial of Appellant Sakuma's December 13, 2011 HRCP Rule 60(b) post-judgment motion to set aside the June 10, 2008 judgment and/or the August 31, 2010 judgment. Once a circuit court has entered a judgment, as HRCP Rule 54(a)[1] defines the word "judgment," a subsequent "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "[T]he separate judgment requirement articulated in <u>Jenkins</u> [<u>v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994)] is inapposite in the post-judgment context." <u>Ditto v. McCurdy</u>, 103 Hawai'i at 158, 80 P.3d at 979.

> Clearly, the rule in <u>Jenkins</u> -- to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is limited to circuit court orders disposing of claims raised in a circuit court complaint.

<u>Id.</u> at 159, 80 P.3d at 980. For example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." <u>Id.</u> at 160, 80 P.3d at 981 (citation omitted). However, in the instant case, the circuit court has not yet entered a written post-judgment order that ends the post-judgment proceeding for Appellant Sakuma's December 13, 2011 HRCP Rule 60(b) post-judgment motion.

In Appellant Sakuma's May 3, 2012 statement of jurisdiction in appellate court case number CAAP-12-0000145, Appellant Sakuma asserts that her December 13, 2011 HRCP Rule

---

[1] "'Judgment' as used in these rules includes a decree and <u>any order from which an appeal lies</u>." HRCP Rule 54(a) (emphasis added).

2

60(b) post-judgment motion was automatically deemed denied under HRAP Rule 4(a)(3),[2] which provides that, when a party files a timely post-judgment motion that invokes the tolling provision under HRAP Rule 4(a)(3), "the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion." HRAP Rule 4(a)(3).[3] However, the tolling provision under HRAP Rule 4(a)(3) does not usually apply to an HRCP Rule 60(b) post-judgment motion. See, e.g., Simbajon v. Gentry, 81 Hawai'i 193, 196, 914 P.2d 1386, 1389 (App. 1996) (noting that a motion under HRCP Rule 60(b) usually does not extend the time for filing a notice of appeal under HRAP Rule 4(a)). Under HRAP Rule 4(a)(3), "[a]n HRCP Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed within ten (10) days after the judgment is entered." Lambert v. Lua, 92 Hawai'i 228, 234, 990 P.2d 126, 132 (App. 1999) (citation omitted). Appellant Sakuma did not file her December 13, 2011 HRCP Rule 60(b) post-judgment motion within ten days after entry of either the June 10, 2008 judgment or the August 31, 2010 judgment. Therefore, the provision in HRAP Rule 4(a)(3) that deems timely post-judgment

---

[2]     HRAP Rule 4(a)(3) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

[3]     HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [the movant]'s [post-judgment tolling] motion by . . . ninety days after [the movant has] filed the [post-judgment tolling] motion, the [post-judgment tolling] motion [i]s deemed denied." County of Hawai'i v. C&J Coupe Family Limited Partnership, 119 Hawai'i 352, 367, 198 P.3d 615, 630 (2008).

3

motions as being denied after ninety days does not apply to Appellant Sakuma's December 13, 2011 HRCP Rule 60(b) post-judgment motion.  Absent an appealable final post-judgment order that adjudicates Appellant Sakuma's December 13, 2011 HRCP Rule 60(b) post-judgment motion, Appellant Sakuma's March 7, 2012 notice of appeal is premature, and we lack jurisdiction over Appeal No. CAAP-12-0000145.  Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000145 is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawai'i, July 18, 2012.


Presiding Judge


Associate Judge


Associate Judge